24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Burdett BUTLER, Plaintiff-Appellant,
v.
John MOWBRAY, Chief Justice of the Supreme Court of Nevada;
Supreme Court of the State of Nevada, Defendants-Appellees.
 No. 93-16484.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert B. Butler appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In 1984, Butler petitioned the Nevada Supreme Court for a writ of mandamus ordering the state trial court to provide him with a sealed affidavit that had been filed during his criminal trial; the Nevada Supreme Court denied the petition. In 1993, Butler filed this action against the Nevada Supreme Court and its former Chief Justice, John Mowbray. Butler's complaint alleged that the denial of his petition for a writ of mandamus violated his right to due process. Butler sought declaratory and injunctive relief. Finding that the defendants were entitled to absolute immunity, the district court dismissed the complaint for failure to state a claim.
 
 
 4
 On appeal, Butler correctly argues that judicial immunity does not extend to suits seeking only injunctive relief. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Richardson v. Koshiba, 693 F.2d 911, 913 n. 8 (9th Cir.1982). Nevertheless, we may affirm the judgment "on any basis supported by the record even if the district court did not rely on that basis." United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (quotation omitted), cert. denied, 113 S.Ct. 1945 (1993). A federal district court, as a court of original jurisdiction, does not have jurisdiction to review the final determinations of a state court in judicial proceedings; only the United States Supreme Court can conduct such review. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). This rule applies even when the challenge to the state court decision is based on an alleged deprivation of due process. McNair, 805 F.2d at 891 (citations omitted).
 
 
 5
 Because Butler's complaint sought review of a final decision of the Nevada Supreme Court, the district court lacked subject matter jurisdiction over the case. See McNair, 805 F.2d at 893. Accordingly, we affirm the district court's dismissal of the action. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3